IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  02-cv-01188-REB-MEH

SUSANN STALCUP,
CRAIG LEWIS, and
SHARON LEWIS,

      Plaintiffs,

vs.

SCHLAGE LOCK COMPANY and
INGERSOLL-RAND COMPANY,

      Defendants.
_____

### ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER
### RE: FED. R. CIV. P. 30(b)(6) DEPOSITION
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Defendants have filed a Motion for Protective Order (Docket #200) ("Motion").  This motion has been referred to this Court (Docket #201).  Plaintiffs have filed their response.  Oral argument would not materially assist the Court in adjudicating this Motion.  For the reasons stated below, the Court **denies** the Motion for Protective Order.

**I.    Facts**

In this lawsuit, Plaintiffs allege that Defendants intentionally dumped chlorinated solvents into the ground at the Schlage Lock Facility in Security, Colorado, causing groundwater contamination. Plaintiffs state that Defendants operated two other, similar facilities in Rocky Mount, North Carolina and San Francisco, California. Plaintiffs also state that at those other facilities, the Defendants engaged in similar conduct, using similar equipment, and resulting in similar groundwater contamination. Plaintiffs contend that if permitted to engage in targeted discovery concerning these

other facilities, they will show that Defendants knew of the potential consequences of the manner in which chlorinated solvents (specifically PCE, which is alleged to have been released at all three plants) were handled at these other plants, and that Defendants should have used that knowledge in preventing or ameliorating contamination at the Colorado plant.  Indeed, Plaintiffs allege that one of the machines at the California plant (a degreaser, which would allegedly malfunction and spill solvents into the groundwater) was actually moved from that plant to the Colorado plant in the 1970s.  As Defendants acknowledge, these facts, if true, might logically be used by Plaintiffs "to support an award of punitive damages or their negligence claim."  Motion at p.5.  Accordingly, Plaintiffs noticed a Rule 30(b)(6) deposition concerning handling of solvents at these other plants.

Defendants have filed the present Motion for Protective Order and seek to prevent the Rule 30(b)(6) deposition from going forward.  Defendants argue that whatever happened at the other two facilities is completely unrelated to the manner in which solvents were released (if at all) at the Colorado plant.  They contend that the lack of any relevance of such information makes the proposed deposition one of those discovery requests that should be prohibited under Fed. R. Civ. P. 26(c)(1).  Specifically, Defendants argue that (1) evidence of Defendants' out-of-state activities is not admissible for punitive damages under Supreme Court authority, and (2) evidence from these other facilities is not admissible for proving negligence.

**II.     Discussion**

### A.     Standards for Obtaining a Protective Order

Rule 26(c) lists eight kinds of protective orders that may be made.  The kind of protective order sought here would arguably fall under (c)(1) ("that the discovery not be had") or even perhaps (c)(4) ("that certain matters not be inquired into").  Further, under subsection (c)  the Court may

make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Clearly, the Court has the authority to enter the type of order sought by Defendants, so long as they have provided sufficient grounds.

As noted by Wright & Miller, rarely do counsel find it necessary to resort to motions for a protective order with regard to written discovery, and "[i]t is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied." C. WRIGHT & A. MILLER, 8 FED. PRAC. & PROC. 2D § 2037. One potential ground for ordering that a deposition not be had is when "the information sought was wholly irrelevant and could have not possible bearing on the issue." *Id.*

Of course, the scope of discovery under the Federal Rules of Civil Procedure is broad. "Parties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b). The Supreme Court has held that discovery is designed to help define and clarify the issues. *Hickman v. Taylor,* 329 U.S. 495, 501 (1947).

### B. Relevance of the Proposed Discovery

Remembering that the issue is not whether the information sought by Plaintiffs will be admissible at trial, but rather, whether the discovery should be had at all, the Court is not persuaded by Defendants' arguments concerning the relevance of the information sought here. Plaintiffs' inquiry into identical situations arising as two of Defendants' other facilities could lead to the discovery of admissible evidence. In *CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35 (1st Cir. 1998), the court had before it a case arising from an accident in which a railroad tank car was moved while it was still attached to a chemical storage tank at a manufacturing facility in Rhode

Island. This resulted in thousands of gallons of perchlorethylene being spilled into the ground. Five years later, in 1979, testing of drinking water wells in the area showed contamination. The owner of the site where the accident had occurred was determined to be responsible for cleanup costs. That owner, CPC, sued its excess carrier for indemnification of cleanup costs. The carrier, Northbrook, contended that CPC knew or should have known, prior to 1979, that chemicals would contaminate the ground and groundwater. Northbrook sought to introduce at trial two prior CPC coverage lawsuits involving contamination at CPC's plants in New Jersey and Michigan. The court's analysis is helpful:

> We take it as given that . . . [evidence of knowledge that chemicals would contaminate the groundwater] may generally be helpful to the jury in determining what a party should have known at some time in the past. Findings about what another operation of the company knew and had been told about the danger of groundwater contamination of a similar type can help the jury in determining whether CPC exercised reasonable diligence with regard to this particular spill.

*Id.* at 43. At trial, the district court excluded evidence concerning the other two plants, stating that "their introduction would require a 'replay of the litigation of those two cases,'" and that evidence of the other two facilities was not relevant "to whether CPC could have discovered property damage in the exercise of reasonable diligence, because the facts underlying the two [other facilities] were different than the facts here." *Id.* at 44. These are essentially the arguments propounded by the Defendants here.

Although the First Circuit affirmed the district court's ruling under an abuse of discretion standard, the court stated that "[i]f the proffered evidence plainly showed that the other sites involved similar chemicals and similar methods of transport and contamination, we could easily find the evidence relevant." *Id.* at 45. That is precisely what the Plaintiffs are arguing here. Even in *CPC*

*Int'l*, in which the court affirmed the exclusion of the evidence, it did so by assuming that the evidence of the other two plants was relevant but inadmissible under the balancing test of Federal Rule of Evidence 403. *Id.*

The guiding principle at this point in this lawsuit is not the balancing test that the district court will engage in at trial, but the issue of potential relevance. This Court will not prejudge the ultimate inadmissibility of the evidence that Plaintiffs seek to discover, nor will it hamstring the district judge in exercising his or her authority to analyze the admissibility of such evidence under the Federal Rules. Plaintiffs only seek an opportunity to learn of certain facts and present them to the Court. They are permitted to do that under these circumstances.

Finally, the Court believes that the current request is fundamentally different than what was at issue before Magistrate Judge Schlatter at the hearing on October 15, 2001 in a different lawsuit and does not find Defendants' recitation of those proceedings as helpful.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendants' Motion for Protective Order [Filed March 3, 2006; Docket #200] is **denied**, and the parties are directed to cooperate in arranging and completing the requested discovery as soon as possible.

Dated at Denver, Colorado, this 7th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge