IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-01188-REB-MEH

SUSANN STALCUP,
CRAIG LEWIS, and
SHARON LEWIS,

      Plaintiffs,

vs.

SCHLAGE LOCK COMPANY and
INGERSOLL-RAND COMPANY,

      Defendants.

_____

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO CONDUCT
LIMITED DISCOVERY OF ABSENT CONDITIONAL CLASS MEMBERS**
_____

      The Court has certified a conditional class in this case. Defendants have filed a Motion for Leave to Conduct Limited Discovery of Absent Conditional Class Members (Docket #202) ("Motion"). This motion has been referred to this Court (Docket #203). Plaintiffs have filed their response. Oral argument would not materially assist the Court in adjudicating this Motion. For the reasons stated below, the Court **grants** the Motion in part and **denies** it in part.

**I.**    **Facts**

      In this suit, Plaintiffs allege that Defendants intentionally dumped chlorinated solvents into the ground at the Schlage Lock Facility in Security, Colorado. Plaintiffs have received an Order from the Court certifying a conditional class. Plaintiffs state that the Court has not yet approved the form of class notice. Defendants seek to submit a questionnaire to absent class members. Plaintiffs object to the request and, in the event that the concept of a questionnaire is approved by the Court, object

to certain elements of the proposed questionnaire.

**II.     Discussion**

    **A.     Standards for Submitting a Questionnaire**

According to the Manual on Complex Litigation, "Some courts have held that class members are not parties for the purpose of discovery by interrogatories, but may be required to respond to a questionnaire approved by the court." Manual on Complex Litigation § 21.41, at 302 (citing, among other cases, *Schwartz v. Celestial Seasonings, Inc.*, 185 F.R.D. 313, 319 (D. Colo. 1999)). Plaintiffs submit no serious opposition to the general concept of a questionnaire other than that fact that it should not be sent out prior to the class notice. Based on the analysis in *Schwartz*, the Court finds that it is appropriate for the absent class members to receive a questionnaire.

    **B.     Scope of the Questionnaire**

Plaintiffs object to five separate sections of the questionnaire but have only submitted arguments as to two of them. The Court will address both of Plaintiffs' articulated objections to the scope of the questionnaire.

        1.     <u>Unduly burdensome and seeks irrelevant information</u>

Plaintiffs object to asking absent class members to provide information concerning refinancing (Questionnaire ¶ IV) is unduly intrusive. The Court agrees in principle. Paragraph IV of the Questionnaire should be edited to include only the question of whether the absent class member's property has been appraised during the relevant time period, when the appraisal was done, by whom it was appraised, and what the appraised value was.

        2.     <u>Certification</u>

Plaintiffs object to the absent class members being asked to certify, by signature, that their

answers to the questionnaire are given under penalty of perjury. Plaintiffs also object to the statement that the questionnaire has been "ordered by the Court." Again, the Court agrees in principle. The questionnaire should state the following:

**The distribution of this questionnaire has been authorized by the Court.**

In addition, instead of the "penalty of perjury" language, the questionnaire should state the following:

**I certify the truth of the information contained herein and further certify that I have signed it under my own free will.**

### C.     Timing of the Questionnaire

Plaintiffs object to the request that the questionnaire be permitted at this time, because the class notice has not been approved by the Court and distributed to the conditional class members. The Court believes this objection is appropriate. The questionnaire should be sent with the class notice. Therefore, the Court grants the Motion for Leave to Conduct Limited Discovery of Absent Conditional Class Members, insofar as the questionnaire has been modified by this Order, and to the extent that such questionnaire may be distributed with the conditional class notice.

### III.    Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendants' Motion for Leave to Conduct Limited Discovery of Absent Conditional Class Members [Filed March 10, 2006; Docket #202] is **granted** in part and **denied** in part.

Dated at Denver, Colorado, this 10th day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge