IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  02-cv-01188-REB-MEH

SUSANN STALCUP,
CRAIG LEWIS, and
SHARON LEWIS,

      Plaintiffs,

vs.

SCHLAGE LOCK COMPANY and
INGERSOLL-RAND COMPANY,

      Defendants.
_____

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE:
RULE 30(b)(6) DEPOSITION (REMEDIATION COSTS)**
_____

Defendants have filed a Motion for Protective Order Re: Rule 30(b)(6) Deposition (Remediation Costs) (Docket #209).  The motion has been referred to this Court (Docket #210). Plaintiffs have failed to respond, essentially confessing the requested relief.  For this and the following reasons, the Motion for Protective Order is **granted**.

**I.**    **Facts**

In this suit, Plaintiffs allege that Defendants intentionally dumped chlorinated solvents into the ground at the Schlage Lock Facility in Security, Colorado.  Plaintiffs have issued a Rule 30(b)(6) Notice of Deposition including the following three topics:

    1.    Costs incurred and funds expended regarding the groundwater contamination problem at the Schlage Lock Company site in Security, Colorado, year-by-year, since 1979.

    2.    Decision making, and criteria used to make the decisions, regarding the costs and spending involved in response to the groundwater contamination problem at the Schlage Lock Company site in Security, Colorado, year-by-year, since 1979.

      3.      Accounting and financial information used to compute the amount of "set off" claimed as an affirmative defense.

Defendants state that there are 23 additional state and federal lawsuits on the same issue, involving the same facility. In the present case and 22 others, Plaintiffs have been represented by D. Robert Jones. Defendants represent that those other cases have involved dozens of deposition days, resulting in nearly 10,000 pages of depositions, including depositions concerning the issues that are the subject of this Motion for Protective Order, namely, remediation efforts and remediation costs at the Security, Colorado Schlage Lock facility. Further, Defendants state that the Second Scheduling Order in the present case reflected the parties' agreement that discovery in these other cases should be utilized for the present case, in order to avoid duplication. Defendants also make the following arguments concerning the Rule 30(b)(6) notice:

    A.    <u>Topic Nos. 1 & 3</u>

Defendants note that as to Rule 30(b)(6) topics 1 and 3, the only matters not expressly covered in discovery in the related cases are costs for the time period January 2004 to the present.

    B.    <u>Topic No. 2</u>

Defendants argue that while the subject matter of this topic was not specifically the focus of a prior Rule 30(b)(6) deposition in another case, the discovery provided in those other cases contains all of the information sought in topic 2. Defendants provide excerpts from depositions in these other cases which demonstrate that topic 2 was previously covered. Again, Defendants state that the only information not provided in the related lawsuits would involve the period January 2004 to the present.

**II.**    **Discussion**

Defendants have met their burden of establishing that the discovery sought by Plaintiffs,

relating to the time period up to and including December 2003, would duplicate discovery obtained by the Plaintiffs in related cases. In the Second Scheduling Order in this case, the parties specifically agree to limit duplication by incorporating the discovery obtained in those other cases. Therefore, even if the Plaintiffs had not failed to respond to Defendants' Motion for Protective Order, it is supported by good cause. However, the Court does not find attorney's fees and costs to be warranted.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendants' Motion for Protective Order Re: Rule 30(b)(6) Deposition (Remediation Costs) [Filed March 23, 2006; Docket #209] is **granted**. Plaintiffs will be permitted to proceed on Rule 30(b)(6) depositions on the identified topics for the time period January 2004 to the present.

Dated at Denver, Colorado, this 24th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge