IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-01188-REB-MEH

SUSANN STALCUP,
CRAIG LEWIS, and
SHARON LEWIS,

      Plaintiffs,

vs.

SCHLAGE LOCK COMPANY and
INGERSOLL-RAND COMPANY,

      Defendants.

_____

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER
REGARDING WRITTEN DISCOVERY AND DEPOSITION NOTICES
DIRECTED TO CRAIG LEWIS AND SHARON LEWIS**
_____

Plaintiffs have filed a Motion for Protective Order Regarding Written Discovery and Deposition Notices Directed to Craig Lewis and Sharon Lewis (Docket #204) ("Motion for Protective Order). The motion has been referred to this Court (Docket #205). Defendants have responded, and the matter is briefed. For the reasons stated below, the Motion for Protective Order is **denied**.

**I.    Facts**

In this suit, Plaintiffs allege that Defendants intentionally dumped chlorinated solvents into the ground at the Schlage Lock Facility in Security, Colorado. Plaintiffs have received an Order from the Court certifying a conditional class. Plaintiffs state that the Court has not yet approved the form of class notice. Discovery is ongoing, including discovery concerning the class representatives.

Defendants seek discovery from two of the three named class representatives, Craig Lewis and Sharon Lewis. In the current motion, the Lewises assert that they no longer desire to serve as class representatives due to the facts that (1) they are divorced, (2) they have sold the home which was located in the conditional class area, and (3) they have moved out of state. Plaintiffs have filed a motion to substitute Kenneth and Christine Smith for themselves as class representatives. That motion has not been decided. Plaintiffs contend that these facts render the discovery unduly burdensome and not likely to lead to admissible evidence.

Defendants argue the following:

1. The Lewises have been class representatives since March 2002.
2. The Defendants took discovery from the Lewises in December 2002 concerning their ability to serve as class representatives.
3. The Court Order certifying a conditional class approved the Lewises as class representatives and, even now, they are not attempting to withdraw from the class, but merely as class representatives.
4. Although the Lewises were divorced in 2005 and sold their house in September 2005, they have already responded to some discovery requests as late as February 28, 2006, without objection.
5. Plaintiffs' counsel cooperated in arranging the Lewises' depositions in January and February 2006, and only after the depositions were formally noticed did the Lewises file their Motion for Protective Order on March 22, 2006.
6. Discovery from the Lewises remains relevant, because this lawsuit concerns diminution in value of homes in the conditional class area, and the Lewises have actually sold their home (which appreciated substantially in the eight years they owned it) and thus have relevant information as to the effect of the alleged pollution on home values.
7. The conditional class area is populated with persons such as military members who moved around frequently, Craig Lewis is on active duty with the United States Army, and, thus, the Lewises stand as typical class members. Indeed, some of the information which Defendants seek to discover involves potential disclosures about contamination which the Lewises may have made during the sale of their home.

**II.   Discussion**

The information sought by the Defendants is clearly relevant. Even if the Lewises ultimately

are permitted to withdraw as class representatives, they are still class members, and the requested discovery would still be relevant, particularly considering that ultimately, the Defendants will be permitted discovery concerning the class. Further, at this time Craig Lewis and Sharon Lewis are still class representatives. The Court finds no basis for a protective order which, as Defendants note, should be granted only in exceptional circumstances.

### III.  Conclusion

For the reasons stated above, it is hereby **ORDERED** that the Plaintiffs' Motion for Protective Order [Filed March 22, 2006; Docket #204] is **denied**.

Dated at Denver, Colorado, this 27th day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge