**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Robert E. Blackburn, Judge**

Civil Case No.  02-cv-01188 REB-MEH

SUSANN STALCUP,
CRAIG LEWIS, and
SHARON LEWIS,

      Plaintiff(s)

v.

SCHLAGE LOCK COMPANY,
INGERSOLL-RAND COMPNAY, INC.,
and EAGLE-PICHER INDUSTRIES, INC.,

      Defendant(s).

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE TO SETTLEMENT CLASS MEMBERS

---

**Blackburn, J.**

This action (the "Litigation") was commenced on March 12, 2002, when the

Plaintiffs filed a complaint in the District Court, El Paso County, Colorado on behalf of

themselves and a putative class seeking damages for alleged harm to residential property

owned by themselves and putative class members. [Docket No. 1].  Defendants Schlage

Lock Company ("Schlage") and Ingersoll-Rand Company ("Ingersoll-Rand") removed this

Litigation to the United States District Court, District of Colorado, by notice dated June 21,

2002 [Docket No. 1].

By Order on Plaintiffs' Motion for Conditional Class Certification and Motion for

Appointment of Conditional Class Counsel, dated September 28, 2004 [Docket No. 136],

the Court certified a conditional class defined as:

[T]hose persons who, as of the date the Complaint was filed [March 12, 2002] own residential real property above the PCE groundwater contamination plume defined in Exhibit 6 to the Expert Report of Richard B Adams, dated January 13, 2003.  The geographic limits of the groundwater contamination plume are designated by a red line in Exhibit 6 to the Expert Report of Richard B. Adams.

(the "Conditional Class") *Order* [#136], filed September 28, 2004, p. 3.  In the same order, the Court approved the Plaintiffs as Class Representatives and their counsel as Class Counsel.  *Id.*, pp. 6-7, 9.

After mediation supervised by the Circuit Mediation Office of the Tenth Circuit Court of Appeals, the parties reached a settlement in principle on May 15, 2006.  On May 18, 2006, Class Counsel filed a Status Report and Agreed Request for Abeyance [Docket No. 232] seeking suspension of the schedules set by the Court and entry of an order holding the Litigation in abeyance pending finalization of the settlement.

Plaintiffs/Class Representatives, on behalf of themselves and all members of a putative Settlement Class, and Defendants, acting through their respective counsel, have now requested the Court to enter an order approving the settlement of the claims against Defendants in this Litigation as described in the Agreed Motion to Approve Stipulation of Settlement [Docket No. 246], filed September 1, 2006 (the "Stipulation").  The Stipulation, together with its Attachments, describes the terms and conditions for the proposed settlement between the Plaintiffs/Class Representatives, the putative Settlement Class, and the Defendants, and the dismissal of the claims against Defendants with prejudice. The Stipulation and its Exhibits also identify grounds supporting the parties' request for approval of the settlement.  All defined terms in this Order shall have the same meanings as set forth in the Stipulation.

The Court has read and considered the Status Report and Agreed Request for Abeyance and the Stipulation and the Exhibits and Attachments to it.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Court GRANTS the Agreed Request for Abeyance [#232], filed May 18, 2006. All deadlines and hearing and trial dates set in this action previously have been vacated, as of May 18, 2006, and the vacation of such deadlines and hearing and trial dates is confirmed. However, this does not apply to the deadlines and hearings set in this order, which remain in full force and effect. In the event that the Court does not approve the Settlement or that the Settlement is cancelled and terminated pursuant to the provisions of Section V.G of the Stipulation, the Court promptly will set a scheduling conference to reset all of the deadlines and hearing and trial dates. To the extent practicable, such deadlines and hearing and trial dates will be reset so that the parties are restored to their relative positions on May 15, 2006, when the settlement in principle was reached.

2. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court preliminarily certifies, for the purpose of effectuating this settlement only, the Settlement Class consisting of all Persons who owned residential properties, in whole or in part, within the area defined as the Conditional Class Area by the Court's Order, dated September 28, 2004, at any time during the period beginning as of March 12, 2002, and ending as of November 3, 2006, and all their successors in interest and transferees, immediate and remote.

3. With respect to the Settlement Class, the Court preliminarily finds and concludes that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)

and 23(b)(3) and it is therefore appropriate for the Court to modify the definition of the

Conditional Class for purposes of settlement based on the reasons set forth below.

a.   The Settlement Class Area is the same geographic area as the Conditional

Class Area.  *See Order On Plaintiffs' Motion for Conditional Class Certification & Motion*

*for Appointment of Conditional Class Counsel* [Docket No. 136], filed September 28, 2004,

p. 3.

b.  The Settlement Class includes more than 3,000 plaintiffs, and the Court

previously found for the Conditional Class that joinder was not practicable for 3, 000

plaintiffs.  *Id.*, p. 4.

c.  With respect to the commonality requirement of Rule 23(a)(2), the Court

previously found for the Conditional Class that "[i]t is not difficult to find common factual

and legal questions within a class of plaintiffs who allegedly have been harmed by the

plume of contamination described by the [Plaintiffs/Class Representatives]."  *Id.*, p. 5.

The Court noted that such questions include:

> 1) The extent to which the contamination plume allegedly caused by the
> defendants has contaminated the residential properties of the plaintiff class
> members; 2) Whether the alleged contamination has caused a diminution in
> the value of the residential properties of the plaintiff class members; 3)
> Whether the defendants' conduct constitutes trespass, nuisance, negligence
> and/or unjust enrichment; 4) What relief, if any, should be granted to
> plaintiffs whose residential property was significantly contaminated as a
> result of the defendants' actions.

*Id.*, p. 5.  The same questions also would exist for the Settlement Class which consists of

owners of residential property located in the same geographic area as the Conditional

Class over a longer period than the date used to define the Conditional Class.

d.  With respect to the typicality requirement of Rule 23(a)(3), the Court previously

found for the Conditional Class that "[t]he [Plaintiffs'/Class Representatives'] claims

challenge the same conduct that would be challenged by a plaintiff class." *Id.*, p. 6. The same finding applies to the Settlement Class.

e.  With respect to the adequacy requirement of Rule 23(a)(4), the Court previously found that the three Plaintiffs/Class Representatives, Ms. Stalcup and Mr. and Mrs. Lewis, as property owners at the class determination date, "will fairly and adequately protect the interests of the class." *Id.*, p. 7. They were also owners during all or part of the Settlement Class determination period.  In addition, the Court previously found that Class Counsel, who are now proposed for the Settlement Class, "satisf[y] the requirements outlined in Fed R. Civ. P. 23(g)(C)" for the Conditional Class.  *Id.*, p. 6. The Court further finds that Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members in negotiating the settlement presented to the Court in The Stipulation of Settlement.

f.  The court previously found that the Conditional Class met the requirements of Fed. R. Civ. P. 23(b)(3), in large part because "[i]n terms of efficiency for the parties and for the court, a class action is superior to individual suits in the effort to achieve a fair and efficient adjudication of the plaintiffs' claims." *Id.*, p. 8.  Similarly, the Settlement Class is superior to other methods for the fair and efficient settlement of the claims against the Defendants.

4.  The Court does hereby preliminarily approve the Stipulation and the settlement terms it contains, subject to further consideration at the Settlement Hearing described below.

5.  As required by Rule 23(e)(1)(C), a hearing to determine whether the proposed settlement of the claims against Defendants on the terms and conditions provided in the

Stipulation is fair, reasonable, and adequate (the "Settlement Hearing") shall be held before this Court on **November 3, 2006**, at 1:30 p.m. at the Alfred A. Arraj United States Courthouse, 901 - 19th Street, Denver, Colorado.  The Court will consider whether the proposed settlement is fair, reasonable, and adequate for the Settlement Class and should therefore be approved by the Court and whether a Judgment, as provided in the Stipulation, should be entered in the case.  The Court may adjourn the Settlement Hearing without further notice to Settlement Class Members.

6.  With the amendment of the dates for a) mailing of the notice; b) publication of the notice; c) filing and service of an exclusion notice; and d) the filing and service of objections, to conform with the deadlines set in paragraphs 6.a (mailing), 6.b (publication), 8 (exclusion notice), and 9 (objections), of this order, the Court approves, as to form and content, the Notice of Settlement of Class Action (the "Individual Notice") (Attachment C to the Stipulation), and finds that mailing and distribution of the Individual Notice in the manner and form described below (i) meet the requirements of the Federal Rules of Civil Procedure and due process, (ii) constitute the best notice practicable under the circumstances, and (iii) shall constitute due and sufficient notice to all Persons entitled to notice.  The Court also approves, as to form and content, the Summary Notice of Settlement Class Action (the "Publication Notice") (Attachment D to the Stipulation), and finds that publication as described below meets the requirements of the Federal Rules of Civil Procedure and due process.

a.  Not later than **October 5, 2006**, the Defendants shall cause a copy of the Individual Notice to be mailed by first class mail to all Settlement Class Members who can be identified by the Settling Parties with reasonable effort as being Settlement class

Members.  Counsel for the Defendants shall filed with the Court and serve on Class Counsel proof, by affidavit or declaration, of such mailing at least seven (7) days prior to the Settlement Hearing.

b.  Defendants shall cause the text of the Publication Notice to be published in the *Fountain Valley News/El Paso County Advertiser News* on Wednesday, October 4, 2006, and Wednesday, October 11, 2006.  If publication on October 4, 2006, is not practicable, the Defendants instead may publish such notice on Wednesday, October11, 2006, and Wednesday, October 18, 2006.  Counsel for the defendants shall file with the Court and serve on Class Counsel proof, by affidavit or declaration, of such publication at least seven (7) days prior to the Settlement Hearing.

c.  Notice as provided in paragraphs 6.a. and 6.b. shall constitute due and sufficient notice to all Persons entitled thereto.

d.  All reasonable costs incurred in identifying and notifying Settlement Class Members as described in paragraphs 6.a and 6.b. shall be paid by Defendants.  However, Class Counsel will provide their lists of addresses of Settlement Class Members to Defendants without any charge.

7.  Any Settlement Class Member may enter an appearance in the Litigation at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If a Settlement Class Member does not enter an appearance, then Class Counsel will represent him, her, or it.

8.  Any Settlement Class Member may opt out of, or exclude himself, herself, or itself from the Settlement Class by filing and serving a written opt-out or exclusion notice ("Exclusion Notice") on or before **October 30, 2006.**  The original of any Exclusion Notice

must be filed with the Clerk, United States District Court, District of Colorado, Alfred A.

Arraj United States Courthouse, Room A-105, 901 - 19th Street, Denver, Colorado 80294.

Copies of the Exclusion Notice must be served by United States first class mail,

postmarked on or before **October 30, 2006**, addressed to: D. Robert Jones, 219 W.

Colorado Ave., Suite 210, Colorado Springs, Colorado 80903; and to Gail Wurtzler, Davis

Graham & Stubbs LLP, 1550 Seventeenth Street, Suite 500, Denver, Colorado 80202.

Class Counsel shall represent any Settlement Class Member who does not file and serve

and Exclusion Notice by **October 30, 2006**, and who does not enter a separate

appearance pursuant to paragraph 7, above.  In addition, any Settlement Class Member

who does not file and serve an Exclusion Notice by **October 30, 2006**, shall be bound by

the terms of this Order, the Stipulation, or settlement between Defendants and the

Settlement Class.

9.   Any Settlement Class Member who has not filed and served an Exclusion Notice

or other interested person may appear and show cause at the Settlement Hearing if he,

she, or it has any reason why the proposed settlement of the Litigation and the claims

against Defendants should or should not be approved as fair, reasonable, and adequate,

or why the Judgment should or should not be entered; provided, however, that no

Settlement Class Member or other interested person shall be heard or entitled to contest

the approval of the proposed settlement or the entry of the Judgment unless that person

files and serves a written objection ("Objection") on or before **October 30, 2006**.  The

original of any Objection must be filed with the Clerk, United States District Court, District

of Colorado, Alfred A. Arraj United States Courthouse, Room A-105, 901 - 19th Street,

Denver, Colorado 80294.  Copies of the Objection must be served by United States first

class mail, postmarked on or before **October 30, 2006**, addressed to: D. Robert Jones, 219 W. Colorado Ave., Suite 210, Colorado Springs, Colorado 80903; and to Gail Wurtzler, Davis Graham & Stubbs LLP, 1550 Seventeenth Street, Suite 500, Denver, Colorado 80202.  Any Settlement Class Member or other interested person who does not make his, her, or its objection in the manner described shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation.

10.  Unless and until the settlement is cancelled and terminated pursuant to the provisions in Section V.G. of the Stipulation, or unless and until a Settlement Class Member opts out of, or excludes himself, herself, or itself from the Settlement Class, neither a plaintiff/Class Representative nor any Settlement Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any Released Claim in any court, agency or other tribunal against any of the Released Parties.

11.  Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, of any liability, fault, or wrongdoing of any kind by Defendants, or of the existence of any injury or damages to Plaintiffs/Class Representatives or any Settlement Class Member.

12.  The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

13.  The Court GRANTS the **Agreed Motion to Approve [Preliminarily] Stipulation of Settlement** [#246], filed September 1, 2006.

Dated September 29, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**